

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 9, 1963

Honorable Byron Tunnell
Speaker
House of Representatives
Austin, Texas

Opinion No. C- 73

Re: Various questions rel-
ative to the "Rule Making
Procedure" rule adopted
by the Texas State Board
of Examiners in Optometry.

Dear Mr. Tunnell:

You have requested an opinion from this office concerning the "Rule Making Procedure" rule adopted by the Texas State Board of Examiners in Optometry. Such rule is set forth as follows:

"In making rules and regulations for the regulation of the practice of optometry pursuant to Article 4556, Revised Civil Statutes of Texas, the Board shall prepare and propose such rules and regulations and submit by mail a copy of each such rule and regulation, as well as all other such rules and regulations as may have been proposed and filed with the Board, supported by a petition signed by at least twenty-five percent (25%) of the Optometrists licensed by and practicing in the State of Texas, in ballot form to each Optometrist licensed by and practicing in the State of Texas for a vote thereon. At the end of thirty (30) days from the time such ballots are mailed, the Board shall count the ballots that have been returned, provided that no election shall be valid unless a minimum of fifty-one percent (51%) of the Optometrists licensed by and prac- ticing in the State of Texas shall have voted at the election at which such rule or rules are voted on; and each and all of such rules and regulations that have received two-thirds of the votes cast shall be by the said Board

declared as approved by the profession. The fact that any rule or regulation is approved by the profession itself shall be considered by the Board as prima facie evidence that such rule or regulation is reasonable and necessary for the regulation of the practice of Optometry in Texas. No rule or regulation for the regulation of the practice of Optometry shall be made by said Board that has not received two-thirds of the votes cast in the manner above provided."

The questions propounded to us in behalf of the Committee to Study Operation of Examining and Licensing Boards of the House of Representatives are as follows:

"(1) Does said 'Rule Making Procedure' violate Article I, Section 28, of the Constitution of Texas, because the same delegates legislative power to individual practitioners of Optometry in Texas, and thereby the power of suspending laws, which power is conferred solely upon the Legislature of the State of Texas?

"(2) Does said 'Rule Making Procedure', by delegating legislative power to private groups and individuals, violate Article 4556, R.C.S. by making and adopting rules and regulations inconsistent with the act which created the Board?

"(3) Is said 'Rule Making Procedure' an improper and unconstitutional delegation of legislative authority, in that it fails to set out and define the limit of the authority of the private groups and individuals to whom said legislative authority is being delegated and supplies no standard or form by which the acts of such private groups and individuals may be tested?

"(4) Does said 'Rule Making Procedure', by delegating legislative authority to private groups and individuals, as aforesaid, deprive other Optometrists, of their property, privileges and immunities without affording due process of law as guaranteed by Article I, Section 18, of the Constitution of the State of Texas?

"(5) Does said rule constitute an abdication by said Board of its rule making power to a group of individuals without due process of law?

"(6) Is the rule an unwarranted and unauthorized delegation of legislative authority to private groups, depriving minority groups of due process of law guaranteed them by the Fourteenth Amendment to the Constitution of the United States?

"Should the Attorney General hold that the 'Rule Making Procedure' rule be invalid for any reason, then we request his opinion as to the validity of the 'Professional Responsibility Rule' which was adopted in accordance therewith."

The Texas State Board of Examiners in Optometry is given the authority to promulgate rules and regulations by the provisions of Article 4556 of Vernon's Civil Statutes. Since this power has been upheld in Key v. Baber, 157 Tex. 387, 303 S.W.2d 376 (1957), we need only concern ourselves with the validity of the "Rule Making Procedure" rule. While the matter is not free of doubt, there does exist a serious question about the validity of the last sentence of the "Rule Making Procedure" rule. However, assuming the invalidity of this provision which confers on the profession the power to prohibit the promulgation of a rule, the other provisions are valid. The Board is not obligated to approve and promulgate a rule merely because it is approved by a two-thirds majority of the profession in a valid referendum. The referendum vote of the profession in is only advisory and the Board retains the discretion to promulgate or not to promulgate a profession-approved rule. As long as the Board does not give binding effect to the referendum vote, it may in the exercise of its discretion promulgate any reasonable rule for the regulation of the profession. The fact that a referendum may precede Board action does not render its action invalid.

Your opinion request further states:

"Should the Attorney General hold that the 'Rule Making Procedure' rule be invalid for any reason, then we request his opinion as to the validity of the 'Professional Responsibility Rule' which was adopted in accordance therewith."

The "Professional Responsibility Rule" referred to above was adopted on December 21, 1959, following the procedure specified in the "Rule Making Procedure" rule.

Article 4556, Vernon's Civil Statutes, provides that:

> "The Board shall preserve a record of its proceedings in a book kept for that purpose . . . ."

The record so provided for in Article 4556 discloses that:

> "President Woods reported that as directed by vote of the board on June 28, 1959, the Professional Responsibility Rule has been submitted to the Attorney General and that the Attorney General's official opinion is that the rule will be valid if adopted. He reported further that, as set forth in the board's rules of procedure, a 'for or against adoption' ballot was mailed to each of the 839 licensed optometrists practicing in Texas, with a request that the ballots be marked and returned to the board office by December 6, 1959.

> "The President appointed Drs. Shipman and Gill as a committee to canvass the ballots. This committee reported that 570 ballots were returned by December 6th, there being 539 for adoption of the rule and 31 against. Also after December 6th three ballots for adoption and none against were received.

> "Mr. Bergman, attorney for Dr. Carp, spoke at some length to the board in opposition to the adoption of the rule. He was followed by Mr. Keith, attorney for Dr. Rogers, who also spoke at some length against adoption of the rule. After this Dr. Carp, Mr. Bergman and Mr. Keith retired from the meeting. Mr. Reeves and Mr. Gee remained for a short time and answered some questions asked by board members and then they too retired from the meeting.

> "The board continued the discussion for some time with Dr. Rogers suggesting that action

on adoption be postponed until the next board meeting.  Finally a motion was made by Dr. Harbour and seconded by Dr. Gill that the Professional Responsibility Rule as approved by the Attorney General be officially adopted by the board as of December 21, 1959.  This motion carried by a vote of 4 'ayes' and 1 'no' with Dr. Baber being absent.  . . ." (Emphasis added).

While the "Rule Making Procedure" rule was apparently followed in the adoption by the Texas State Board of Examiners in Optometry of the "Professional Responsibility Rule," the records of the Texas State Board of Examiners in Optometry, as required to be kept by Article 4556, reflect that it was only adopted after a vote by the members of the Texas State Board of Examiners in Optometry.  Regardless of the validity or invalidity of the "Rule Making Procedure" rule, or any part thereof, the Texas State Board of Examiners in Optometry had the authority to promulgate the "Professional Responsibility Rule."  See Key v. Baber, supra, and Attorney General's Opinion No. WW-722 (1959).

As the records of the Texas State Board of Examiners in Optometry reflect that the "Professional Responsibility Rule" was adopted only after a vote of the membership of the Texas State Board of Examiners in Optometry, we are of the opinion that even though some portion of the "Rule Making Procedure" rule may be invalid, this would not invalidate the adoption of the "Professional Responsibility Rule" as the Board had authority to enact this rule regardless of the procedure followed prior to its adoption.

While the "Rule Making Procedure" rule seems to give those licensed by the Board the power of vetoing a proposed rule, it does not require the Board to adopt any particular proposed rule which may have been approved by the profession of optometry as a whole.  Under the "Rule Making Procedure" rule, only the Board can actually adopt a given rule or regulation. Such being the case, any defect in that portion of the "Rule Making Procedure" rule, which requires that no rule be adopted by the Board without first receiving the required vote as set out therein, would not affect the validity of a rule actually adopted by the Board.  Consequently, we are of the opinion that the "Professional Responsibility Rule" adopted by the Texas State Board of Examiners in Optometry is not invalid by reason of any provision found in the "Rule Making Procedure" rule.

## S U M M A R Y

That portion of the "Rule Making Procedure" rule adopted by the Texas State Board of Examiners in Optometry, which provides that no rule shall be adopted by the Texas State Board of Examiners in Optometry which has not received the vote required in the "Rule Making Procedure" rule, is subject to serious question on the ground that it constitutes an unlawful delegation of the power of the Board to determine which rules and regulations may be adopted and promulgated.

However, assuming the invalidity of that portion of the "Rule Making Procedure" rule adopted by the Texas State Board of Examiners in Optometry, such would not affect the validity of the "Professional Responsibility Rule" adopted by the Texas State Board of Examiners in Optometry.

Yours very truly,

WAGGONER CARR
Attorney General

By: Fred D. Ward
Fred D. Ward
Assistant

FDW:wb:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
J. C. Davis
Albert P. Jones
Grady Chandler
Albert Pruitt

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone